IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISIONI

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:05-CV-1062-MEF-CSC |
| v. | ) ) |
| THE BERRY COMPANY, et al., | ) ) |
| Defendants. | ) |

## MOTION FOR MORE DEFINITE STATEMENT

Defendants The Berry Company (properly identified as L. M. Berry and Company) and CenturyTel (properly identified as CenturyTel Service Group, L.L.C.) move this Court, pursuant to Rule 12(e) of the Federal Rules of Civil Procedure, for an order requiring the plaintiff to more definitely state its claim asserted in Count Two of its complaint. In support of this motion, the defendants show unto the Court the following grounds:

1. This civil action arises out of a contract for the publication of directory advertising and listings for the plaintiff in the 2003 edition of the Dothan, Alabama CenturyTel directory. In its complaint, the plaintiff asserts claims for breach of contract (Count One), fraudulent misrepresentation (Count Two), and negligence or wantonness (Count Three).

2. Rule 9(b) of the Federal Rules of Civil Procedure requires that in all averments of fraud, "the circumstances constituting fraud ... shall be stated with particularity."

3. Paragraph 7 of plaintiff's complaint alleges that "[s]aid representations and agreements made to the Plaintiffs by the Defendants where [sic] false and the Defendants knew that they were false, or Defendants without knowledge of the true facts recklessly misrepresented

them, or they were made by mistake with the intention that Plaintiff should rely on them." *See* Complaint, Count Two, paragraph 7, at page 3. Count Two elsewhere alleges that the plaintiff relied on the representations and has been injured and damaged [a]s a consequence of the fraud carried out of [sic] the Defendants against Plaintiff." *See* Complaint, Count Two, paragraphs 8 and 9, at page 4.

4. Plaintiff's complaint does not identify the substance of these allegedly fraudulent representations, and it does not identify the time, place or any other circumstances of the making of these allegedly fraudulent representations. There is no identification of any representation made by either defendant to support the assertion that "said representations . . . were false."

5. Count Two of plaintiff's complaint fails to satisfy the requirements of Rule 9(b) and because of its vagueness, the defendants should not and cannot reasonably be required to frame a responsive pleading to this fraud claim.

WHEREFORE, the defendants move this Court to enter an order requiring the plaintiff to more definitely state its claim for fraud against the defendants asserted in Count Two of plaintiff's complaint.

                                                                           Craig A. Alexander (ASB-3390-N68C)
Counsel for Defendants The Berry Company
and CenturyTel

OF COUNSEL:

ADAMS AND REESE, LLP
2100 Third Avenue North, Suite 1100
Birmingham, AL 35203-3367
Telephone: (205) 250-5000
Facsimile: (205) 250-5034

2

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on all counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

> John E. Byrd
> P.O. Box 536
> Dothan, AL 36302

On this the 9th day of November, 2005.

_____
OF COUNSEL