IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 1:05-cv-1062-F (WO) |
| CENTURYTEL SERVICE GROUP, LLC, *et. al.*, | ) ) ) | |
| Defendants. | ) | |

## **ORDER**

This cause is before the Court on Defendants' Motion for More Definite Statement (Doc. # 2). Defendants request that the Court require the Plaintiff to more definitely state its fraud claim asserted in Count Two of its complaint. Count Two alleges fraudulent misrepresentation by Defendants concerning a contract for publication of advertising and listings in the 2004 edition of the Dothan, Alabama CenturyTel directory. Rule 9(b) of the Federal Rules of Civil Procedure requires that " [i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b).

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002).

The Complaint in the present action alleges only that

> 6. Subsequent to July 14, 2003, on or by December 2003, Plaintiff learned that the listings he had contracted with the Defendants to be placed in the 2004 CenturyTel directory were improper and not as he had contracted for.
>
> 7. Said representations and agreements made to Plaintiff by Defendants where [sic] false and that the Defendants knew that they where [sic] false, or Defendants without knowledge of the true facts recklessly misrepresented them, or they were made by mistake with the intention that Plaintiff should rely upon them. Defendants misrepresentations were malicious, oppressive and with the intent to deceive the Plaintiff herein.
>
> 8. As a consequence of the fraud carried out of the Defendants against the Plaintiff, the Plaintiff has been caused to suffer [numerous injuries].

As none of these allegations set forth the content of the allegedly fraudulent representations, nor the time or place of each such representation, they are not sufficient to meet the requirements of Rule 9(b). Therefore, it is hereby ORDERED that

Defendants' Motion for a More Definite Statement (Doc. # 2) is GRANTED. Plaintiff is required to more definitely state its claim of fraud asserted in Count Two of the Complaint. As set forth in Rule 12(e), if the Plaintiff does not amend its Complaint to more definitely state its fraud claim within 15 days of this date, this Court may strike all or part of the original Complaint as it deems appropriate.

DONE this 23rd day of December, 2005.

        /s/ Mark E. Fuller
        CHIEF UNITED STATES DISTRICT JUDGE