IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) |
| PLAINTIFF, | ) ) ) |
| VS. | ) ) ) |
| L. M. BERRY AND COMPANY, CENTURYTEL SERVICE GROUP, L.L.C., A, B, C, D, E, F PARTNERSHIPS, G, H, I CORPORATIONS BEING THOSE PERSONS, PARTNERSHIPS, CORPORATIONS, ASSOCIATIONS OR OTHER LEGAL ENTITIES WHO ON THE OCCASIONS COMPLAINED OF IN THIS COMPLAINT COMMITTED THE BREACH OF CONTRACT, FRAUD, NEGLIGENCE AND/OR WANTONNESS AND ALL ACTS CLAIMED BY PLAINTIFF HEREIN, ALL OF WHOSE TRUE NAMES AND IDENTITIES ARE OTHERWISE UNKNOWN TO THE PLAINTIFF AT THIS TIME BUT WILL BE ADDED BY AMENDMENT WHEN ASCERTAINED, | ) CASE NO.: 1:05-cv-1062-F ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| DEFENDANTS. | ) ) |

## AMENDED COMPLAINT

1. Plaintiff is a corporation organized under the laws of the State

of Alabama presently doing business in Dothan, Houston County, Alabama. Defendant, L. M. Berry and Company, is a Georgia corporation doing business in Alabama at the time of the claims in this case. Defendant, CenturyTel Service Group, L. L. C., is a Louisiana organized limited liability company authorized to do business in the State of Alabama at the time of the claims in this case.

2. Those unknown or fictitious Defendants named herein are those person, partnerships, corporations, associations or other legal entities who on the occasions complained of in this complaint, committed the breach of contract alleged in Count One of this complaint, committed the acts of fraud alleged in Count Two of this complaint and committed the negligence and/or wantonness alleged in Count Three in this complaint, all of whose true names and legal identities are otherwise unknown to the Plaintiff but will be added by amendment when ascertained.

## COUNT ONE

3. On or about July 14, 2003, Plaintiff and Defendants entered into a contract whereby the Defendant, L. M. Berry and Company, in behalf of CenturyTel Service Group, L.L.C., would provide Plaintiff with multiple listings in the CenturyTel telephone directory for 2004.

4. The Defendants have breached the agreement referred to herein

by failing or refusing to provide the Plaintiff with the listings contracted for in the 2004 CenturyTel telephone directory.

5. As a consequence of the breach of the agreements by Defendants, Plaintiff has been caused to suffer substantial monetary loss, loss of revenue, lost contact with potential clients, substantial mental anguish, annoyance and inconvenience, incidental and consequential damages, attorneys fees, costs, expenses and other lost revenue and income; and, Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in the sum of $500,000.00, and costs.

## COUNT TWO

6. On or by October, 2003, Plaintiff learned that the representations made by John Huber as an agent for L.M. Berry and Company and CenturyTel Service Group, L.L.C. to Rick Lattime, President of Lattime Construction and Homebuilding were untrue and that a fraudulent misrepresentation had been made to him by John Huber regarding Plaintiff's advertisements in the yellow pages of the 2004 CenturyTel telephone directory for Dothan, Alabama and surrounding towns. At or about July 14, 2003, Plaintiff signed a contract with The

3

Berry Company (L.M. Berry and Company) to provide multiple listings in the yellow pages of the 2004 CenturyTel telephone directory. At the time of the making of the contract, the substance, content and quantity of the advertisements were agreed upon by John Huber, agent for L.M. Berry and Company and CenturyTel Service Group, L.L.C. with Rick Lattime. When the directory came out the Plaintiff learned that the advertisements were not as had been agreed upon in substance, content and quantity and that the representations made to Rick Lattime, President of the Plaintiff's company by John Huber, agent for L.M. Berry and Company and CenturyTel Service Group, L.L.C., were untrue and that a fraudulent misrepresentation has been made to Plaintiff.

    7. Said representations and agreements made to Plaintiff by the Defendants where false and the Defendants knew that they where false, or Defendants without knowledge of the true facts recklessly misrepresented them, or they were made by mistake with the intention that Plaintiff should rely upon them. Defendants representations were malicious, oppressive and with intent to deceive the Plaintiff herein.

    8. Plaintiff believed the representations made to it by the Defendants and relied upon said representations.

    9. As a consequence of the fraud carried out of the Defendants

4

against Plaintiff, Plaintiff has been caused to suffer a substantial monetary loss, loss of revenue, lost contact with potential clients, substantial mental anguish, annoyance and inconvenience, incidental and consequential damages, attorneys fees, costs, expenses and other lost revenue and income; and, Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants for compensatory and punitive damages in the amount of five hundred thousand and no/100 ($500,000.00), and costs.

## COUNT THREE

10. On or about December, 2003, Plaintiff learned that Defendants had negligently and/or wantonly caused or allowed listings in the 2004 CenturyTel telephone directory to be placed therein contrary to his contract with them for these listings.

11. As a proximate consequence of Defendants said negligence and/or wantonness, Plaintiff was caused to suffer injury and damages as stated herein.

12. As a proximate consequence of the negligence and /or wantonness by Defendants against Plaintiff, Plaintiff has been caused to suffer substantial monetary loss, loss of revenue, lost contact with

5

potential clients, substantial mental anguish, annoyance and inconvenience, incidental and consequential damages, attorneys fees, costs, expenses and other lost revenue and income; and, Plaintiff has been otherwise injured and damaged.

WHEREFORE, Plaintiff demands judgment against Defendants, for compensatory and punitive damages in the amount of five hundred thousand and no /100 ($500,000.00) and costs.

Dated this ____4th____ day of ____January____, 2006.

                             JOHN E. BYRD (BYR 005)
                             Attorney for Plaintiff
                             P.O. Box 536
                             Dothan, Alabama 36302
                             Telephone (334) 794-0759
                             Fax (334) 792-0163

## JURY DEMAND

Plaintiff demands a trial by struck jury as to all counts contained in this complaint.

## CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the Honorable Craig A. Alexander and Honorable Michael L. Wade, Adams and Reese LLP, Attorneys at Law, 2100 3rd Avenue, Suite 1100, Birmingham, Alabama 35203 by placing a copy of same properly addressed and postage prepaid in the U.S. mail.

Dated this the 4th day of Jan, 2006.

JOHN E. BYRD
Attorney for Plaintiff

JOHN E. BYRD
Attorney for Plaintiff