IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., ) ) ) | |
| Plaintiff, ) ) | Case No. 1:05-CV-1062-MEF-CSC |
| v. ) ) | |
| THE BERRY COMPANY, et al., ) ) | |
| Defendants. ) | |

## MOTION TO STRIKE COUNT TWO OF PLAINTIFF'S AMENDED COMPLAINT

Defendants L. M. Berry and Company and CenturyTel Service Group, LLC move this Court to enter an order striking Count Two of plaintiff's amended complaint, and in support of this motion the defendants state the following grounds:

1. On December 23, 2005, this Court entered an order on Defendants' Motion for More Definite Statement. This order set forth this Court's determination that the allegations in support of plaintiff's fraud claim in Count Three of its complaint had failed to "set forth the content of the allegedly fraudulent representations, nor the time and place of each such representation." For this reason, this Court concluded that these allegations failed to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure, and this Court ordered the plaintiff to more definitely state its claim for fraud. This Court further stated that in the event the plaintiff did not amend its complaint within 15 days to more definitely state its fraud claim, the Court may strike all or part of the original complaint as it deemed appropriate.

2. On January 6, 2006, the plaintiff filed and served an amended complaint that restated its claim for fraud in Count Two. The amended complaint again fails to state this fraud

_____
Craig A. Alexander (ASB-3390-N68C)
Counsel for Defendants

OF COUNSEL:

RUMBERGER, KIRK & CALDWELL, P.A., P.C.
Mountain Brook Center, Suite 480
2700 Highway 280 East
Birmingham, AL 35223-2446
Telephone:    205-327-5550
Facsimile:    205-326-6786

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing pleading on counsel of record for the plaintiff:

> John E. Byrd
> P.O. Box 536
> Dothan, AL 36302

by placing same in the United States Mail, properly addressed and first class postage prepaid, on this ____ day of January, 2006.

_____
OF COUNSEL

3

claim with sufficient specificity to satisfy the requirements of Rule 9(b). The amended complaint alleges that on July 14, 2003, Lattime signed the advertising contract and that "the substance, content and quantity of the advertisements were agreed upon." Amended Complaint, at para. 6. In paragraph 6, the plaintiff further alleges that when the directory was published, "the Plaintiff learned that the advertisements were not as had been agreed upon in substance, content and quantity and that the representations made to Rick Lattime, President of the plantiff's company by John Huber, agent for L. M. Berry and Company and CenturyTel Service Group, L.L.C. were untrue and that a fraudulent misrepresentation had been made to Plaintiff." *Id.* Nowhere in the amended complaint does the plaintiff identify either the specifics of the claim that the advertisements were not published in accordance with the contract or of the claim that John Huber made representations to the plaintiff of any existing, material facts that were untrue and fraudulent.

3. For these reasons, defendants submit that the amended complaint fails to comply with the requirements of Rule 9(c) of the Federal Rules of Civil Procedure and with this Court's December 23, 2005 Order. Defendants further submit that this Court should enter an order striking Count Two of plaintiff's complaint for failure of the plaintiff to adequately comply with this Court's prior Order, rather than enter a second order again requiring the plaintiff to more definitely state its claim for fraud.

WHEREFORE, defendants L. M. Berry and Company and CenturyTel Service Group, LLC move this Court to enter an order striking Count Two of plaintiff's complaint, or for such other or different relief that this Court in its discretion deems appropriate.