IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., ) ) ) Plaintiff, ) ) v. ) ) CENTURYTEL SERVICE GROUP, LLC, ) *et. al.*, ) ) Defendants. ) | Case No. 1:05-cv-1062-F (WO) |

## **ORDER**

On November 9, 2005, Defendants filed a Motion for More Definite Statement (Doc. # 2) requesting that the Court require Plaintiff to more definitely state its claim of fraud set forth in Count Two of the Complaint. On December 23, 2005, the Court granted Defendants' Motion and required Plaintiff to file an amended complaint more definitely stating its fraud claim. On January 6, 2006, Plaintiff filed an Amended Complaint (Doc. # 12). On January 17, 2006, Defendants filed a Motion to Strike Count Two of Plaintiff's Amended Complaint (Doc. # 14) claiming that the amended complaint failed to state Plaintiff's fraud claim with particularity.

As the Court stated in its December 23, 2005 Order, Rule 9(b) of the Federal Rules of Civil Procedure requires that the complaint state with particularity the circumstances constituting an alleged fraud. Specifically, the complaint must state precisely what statements were made, the time and place of such statements, the person making them, the

content of such statements, how such statements misled the plaintiff, and what defendants gained from the fraud. *United States ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1310 (11th Cir. 2002). In the Amended Complaint, Plaintiff states that it entered into a contract with Defendant L.M. Berry and Company to provide multiple listings in the yellow pages of the 2004 CenturyTel telephone directory. Plaintiff further alleges that at the time of the contract "the substance, content and quantity of the advertisements were agreed upon," and that when the directory was published, Plaintiff learned that the advertisements were "not as agreed upon in substance, content and quantity" and that the representations made to Plaintiff upon making the contract were untrue. However, Plaintiff fails to specify the content of the statements that were made at the time of contract negotiations or how Plaintiff was misled by those statements. Therefore, it is hereby

ORDERED that Defendants' Motion to Strike Count Two of Plaintiff's Amended Complaint (Doc. # 14) is GRANTED. Count Two of the Amended Complaint is STRICKEN.

DONE this the 19th day of January, 2006.

/s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE