IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>L. M. CENTURYTEL AND COMPANY, et al., )<br>)<br>Defendants. ) | Case No. 1:05-CV-1062-F |

## ANSWER OF DEFENDANT CENTURYTEL SERVICE GROUP, LLC

Defendant CenturyTel Service Group, LLC ("CenturyTel") answers the amended complaint of plaintiff Lattime Construction and Home Building, Inc. as follows:

1. The allegations of paragraph 1 are admitted, except that CenturyTel states that defendant L. M. Berry and Company ("Berry") is a corporation incorporated under the laws of the State of Georgia and has its principal place of business in the State of Ohio.

2. The allegations of paragraph 2 are not directed against CenturyTel, and it neither admits nor denies the allegations of paragraph 2. To the extent that paragraph 2 is deemed to contain any allegations directed against CenturyTel, those allegations are denied.

### Answer to Count One

3. CenturyTel admits that the plaintiff entered into a contract with Berry on or about July 14, 2003 for the publication of advertising in the Dothan, Alabama "CenturyTel" telephone directory. The remaining allegations of paragraph 3 are denied.

4. The allegations of paragraph 4 are denied.

5. CenturyTel lacks sufficient knowledge or information to form a belief of the truth of the allegations of paragraph 5 of plaintiff's complaint, and CenturyTel therefore denies those allegations.

## Answer to Count Three

6. CenturyTel lacks sufficient knowledge or information to form a belief of the truth of the allegations that the plaintiff discovered the matters asserted in paragraph 10 of plaintiff's complaint on or about December 2003, and therefore CenturyTel denies those allegations. CenturyTel denies that it committed any negligent or wanton act in connection with the plaintiff's advertisements or listings in the subject telephone directory.

7. The allegations of paragraph 11 are denied.

8. CenturyTel lacks sufficient knowledge or information to form a belief of the truth of the allegations of paragraph 12 of plaintiff's complaint, and CenturyTel therefore denies those allegations.

In further answer to plaintiff's complaint, CenturyTel pleads as follows:

## First Defense

Count One of plaintiff's complaint fails to state a claim against CenturyTel on which relief can be granted. Plaintiff's complaint alleges that it entered into a contract "whereby L. M. Berry and Company, in behalf of [CenturyTel], would provide Plaintiff with multiple listings" in the subject directory and then asserts a claim for breach of contract, but does not allege that under the contract CenturyTel owed a duty of performance to the plaintiff or that Berry was an agent of CenturyTel with respect to the performance of the obligations created by the contract.

## Second Defense

Count Three of plaintiff's complaint fails to state a claim on which relief can be granted.

### Third Defense

Count Three of plaintiff's complaint is barred by the two-year statute of limitations applicable to claims for negligence or wantonness under Alabama law.

### Fourth Defense

The plaintiff, acting by and through its agents or employees, was guilty of negligence which caused or contributed to cause its claimed damages.

### Fifth Defense

The plaintiff has failed to mitigate its damages.

### Sixth Defense

Under the contract made the basis of plaintiff's claim for breach of contract, the liability for any error or omission in plaintiff's advertising is limited to the amount of the charges for the advertising in which the error or omission occurred.

_____
Craig A. Alexander (ASB-3390-N68C)
Counsel for Defendant
CenturyTel Service Group, LLC


OF COUNSEL:

Rumberger, Kirk & Caldwell, PA PC
Mountain Brook Center, Suite 480
2700 Highway 280 East
Birmingham, AL 35223-246
Telephone: (205) 327-5550
Facsimile: (205) 326-6786

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on all counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

> John E. Byrd
> P.O. Box 536
> Dothan, AL 36302

On this 23rd day of January, 2006.

_____
OF COUNSEL