## ATTACHMENT "A" TO DEFENDANT L. M. BERRY AND COMPANY'S MOTION FOR LEAVE TO AMEND ANSWER

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **LATTIME CONSTRUCTION AND HOME BUILDING, INC.,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| **v.** | ) ) | **Case No. 1:05-CV-1062-F** |
| **L. M. BERRY AND COMPANY, et al.,** | ) ) ) | |
| **Defendants.** | ) | |

### AMENDED ANSWER AND COUNTERCLAIM
### OF DEFENDANT L. M. BERRY AND COMPANY

Defendant L. M. Berry and Company ("Berry") answers the amended complaint of plaintiff Lattime Construction and Home Building, Inc. as follows:

1.      The allegations of paragraph 1 are admitted, except that Berry states that it is a corporation incorporated under the laws of the State of Georgia and has its principal place of business in the State of Ohio.

2.      The allegations of paragraph 2 are not directed against Berry, and it neither admits nor denies the allegations of paragraph 2.  To the extent that paragraph 2 is deemed to contain any allegations directed against Berry, those allegations are denied.

#### Answer to Count One

3.      Berry admits that the plaintiff entered into a contract with Berry on or about July 14, 2003 for the publication of advertising in the Dothan, Alabama "CenturyTel" telephone directory.  The remaining allegations of paragraph 3 are denied.

4.      The allegations of paragraph 4 are denied.

5.      Berry lacks sufficient knowledge or information to form a belief of the truth of the allegations of paragraph 5 of plaintiff's complaint, and Berry therefore denies those allegations.

### Answer to Count Three

6.      Berry lacks sufficient knowledge or information to form a belief of the truth of the allegations that the plaintiff discovered the matters asserted in paragraph 10 of plaintiff's complaint on or about December 2003, and therefore Berry denies those allegations.  Berry denies that it committed a negligent or wanton act in publishing the plaintiff's listings in the subject telephone directory.

7.      The allegations of paragraph 11 are denied.

8.      Berry lacks sufficient knowledge or information to form a belief of the truth of the allegations of paragraph 12 of plaintiff's complaint, and Berry therefore denies those allegations.

In further answer to plaintiff's complaint, Berry pleads as follows:

### First Defense

Count Three of plaintiff's complaint fails to state a claim on which relief can be granted.

### Second Defense

Count Three of plaintiff's complaint is barred by the two-year statute of limitations applicable to claims for negligence or wantonness under Alabama law.

### Third Defense

The plaintiff, acting by and through its agents or employees, was guilty of negligence which caused or contributed to cause its claimed damages.

### Fourth Defense

The plaintiff has failed to mitigate its damages.

2

**Fifth Defense**

Under the contract made the basis of plaintiff's claim for breach of contract, the liability for any error or omission in plaintiff's advertising is limited to the amount of the charges for the advertising in which the error or omission occurred.

**COUNTERCLAIM**

Defendant L. M. Berry and Company counterclaims against plaintiff Lattime Construction and Home Building, Inc. ("Lattime Construction") as follows:

1.     On or about July 14, 2003, Lattime Construction placed an order with Berry for advertisings and listings to be published in the 2003 Dothan Alabama Centurytel telephone directory.   This order was accepted by Berry and a contract was formed between Lattime Construction and Berry for the publication of this directory advertising and listings.   The agreement provided that Lattime Construction would pay directory advertising charges billed at the rate of $318.00 per month.

2.     Berry substantially performed its obligations under this contract.

3.     Lattime Construction has not performed its obligations under the parties' contract because it has not paid the full amount of the directory advertising charges which it agreed to pay for the directory advertising and listings.   Lattime Construction's failure to pay the full amount of these charges constitutes a breach of the contract.

4.     As a result of the breach of contract by the plaintiff, defendant Berry has been damaged.  The amount of its damages are $3,816.00, which represents the directory advertising charges of $318.00 per month for a twelve month period.

3

*Wherefore*, defendant and counterclaimant L. M. Berry and Company prays for an award of damages against plaintiff Lattime Construction and Home Building in the amount of $3,816.00, attorneys' fees and costs as may be payable under the contract, prejudgment interest as allowed and authorized by law, and costs of court.

_____
Craig A. Alexander (ASB-3390-N68C)
Counsel for Defendant and Counterclaimant
L. M. Berry and Company

OF COUNSEL:

Rumberger, Kirk & Caldwell, PA PC
Mountain Brook Center, Suite 480
2700 Highway 280 East
Birmingham, AL 35223-246
Telephone: (205) 327-5550
Facsimile: (205) 326-6786

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing Amended Answer and Counterclaim on counsel of record for the plaintiff by placing same in the United States Mail, properly addressed and first class postage prepaid:

John E. Byrd
P.O. Box 536
Dothan, AL 36302

On this ____ day of _____, 2006.

_____
OF COUNSEL

4