IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISIONS

2006 MAY 16

| LATTIME CONSTRUCTION AND | ) |
| HOME BUILDING, INC. | ) |
| | ) |
| PLAINTIFF, | ) CASE NO: 1:05-CV-1062-F |
| | ) |
| VS. | ) |
| THE BERRY COMPANY, et al., | ) |
| | ) |
| DEFENDANTS. | ) |

## ANSWER TO COUNTERCLAIM

COMES NOW the Plaintiff, Lattime Construction and Home Building, Inc., and Answers the Counterclaim of L. M. Berry and Company as follows:

1.  Plaintiff admits it entered into a contract on July 14, 2003 with Berry, in behalf of Defendant, CenturyTel Service Group, LLC, for advertising and listings to be published in the 2003 Dothan, Alabama CenturyTel Telephone Directory. Plaintiff denies the legality and validity of some of the provisions of said contract. Plaintiff denies all other material averments of paragraph 1. of the Counterclaim of L. M. Berry and Company, separately and severally, and demands strict proof thereof.

2.  Plaintiff avers that said contract was made between Lattime and Berry but was to be performed by CenturyTel Service Group, LLC

for the publication of the advertising and listing in its directory, thus CenturyTel Service Group, LLC is a necessary party to this Counterclaim. Plaintiff moves that CenturyTel Service Group, LLC be made a party to this Counterclaim.

3. Plaintiff avers that Berry and CenturyTel failed to perform the terms and conditions of said contract and that said advertising was not placed in the 2003 Dothan, Alabama CenturyTel telephone directory as contracted for, thus Plaintiff did not pay for the advertising as he did not receive what he contracted for.

4. Plaintiff avers that Defendants, Berry and CenturyTel, are not entitled to the limitation benefits of its alleged contract terms with the Plaintiff as said Defendants willfully and deliberately violated the basic terms and duties of said contract from the beginning and in so doing voided their rights and benefits under the alleged terms of said contract.

5. Plaintiff denies the material averments of paragraph 2. of the Counterclaim of the Defendant, Berry, separately and severally, and demands strict proof thereof.

6. Plaintiff denies the material averments of paragraph 3. of the Counterclaim of Defendant, Berry, separately and severally, and demands strict proof thereof.

7.  Plaintiff denies the material averments of paragraph 4. of the Counterclaim of Defendant, Berry, separately and severally, and demands strict proof thereof.

8.  Plaintiff pleads the general issue.

9.  Plaintiff says that it is not guilty of the things and matters alleged in Defendant, Berry's Counterclaim, separately and severally, and that said Defendant is not entitled to the relief sought.

10. Plaintiff submits CenturyTel is a necessary and proper party to this Counterclaim as any contract made between Lattime and Berry was for the benefit of and to be performed by CenturyTel in its 2003 directory.

11. Plaintiff denies all other material averments of the Counterclaim of Defendant, Berry, separately and severally, and demands strict proof thereof.

12. Plaintiff moves to strike Defendant's demand for attorney fees, prejudgment interest and costs as may be taxable under the contract.

WHEREFORE, Plaintiff prays that upon a final hearing in this case, the Counterclaim of Defendant Berry will be denied.

Dated this the ___15___ day of ___May___, 2006.

*[signature: John E. Byrd]*
JOHN E. BYRD (BYR 005)
Attorney for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
Telephone (334)794-0759
Fax (334)792-0163

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the Honorable Craig A. Alexander Rumberger, Kirk & Caldwell, PA, PC, Lakeshore Park Plaza, Suite 125, 2204 Lakeshore Drive, Birmingham, Alabama 35209 by placing a copy of same properly addressed and postage prepaid in the U.S. mail.

Dated this the ___15___ day of ___May___, 2006.

*[signature: John E. Byrd]*
JOHN E. BYRD
Attorney for Plaintiff

4