# THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION and HOME BUILDING, INC., | ) ) ) |
| PLAINTIFF, | ) |
| VS. | ) CASE NO.: 1:05-CV-1062-F ) |
| CENTURYTEL SERVICE GROUP, L. L. C., and THE BERRY COMPANY, | ) ) ) |
| DEFENDANTS. | ) |

## MOTION TO COMPEL

Comes now the Plaintiff in the above-styled cause and moves the Court to compel the Defendants to produce the documents requested in the Plaintiff's Request for Production of Documents to Defendants, a copy of which is attached herewith as Exhibit "A"; and assigns as grounds for said motion the following:

1. For that at the deposition of John Huber taken by Plaintiff's attorney on September 11, 2006, there was a discussion between the attorneys regarding production of the contract between the Defendants, The Berry Company and Centurytel Services Group, L.L.C. for the production of the September, 2003 Centurytel telephone directory for Dothan, Alabama. No contract was produced as a result of this discussion.

2. Then on January 2, 2007, Plaintiff's attorney entered into a good faith conference with Defendant's attorney requesting that Defendants produce the contract sought in Plaintiff's Request For Production Of Documents referred to herein. As a result of Plaintiff's efforts at the January 2, 2007 conference

Defendant submitted the attached letter included herein as Exhibit "B", denying the production of this contract.

3. Then on January 9, 2007, Plaintiff's attorney had a good faith conference with Defendants attorney again requesting that Defendants produce the contract sought in Plaintiff's Request For Production Of Documents referred to herein. Defendants attorney orally continued Defendants refusal to produce this contract.

4. Plaintiff submits to the Court that the contract requested in this case is relevant and will lead to the discovery of admissible evidence. It will identify who is:

   a. Responsible for the preparation of printing, distribution, selling, etc. of the September 2003, Centurytel directory for Dothan, Alabama.

   b. Responsible for legal claims caused by deficiencies in said directory as are claimed in this case. Nothing but this contract will clear up this point.

   c. Defendants conferences and correspondence indicate that the Berry Company should shoulder the entire claim. This seems inconsistent as Centurytel did the billing for enforcement of this agreement with Plaintiff and continues to hold Plaintiff responsible for payment.

4. Plaintiff submits an affidavit herewith indicating his good faith conferences with Defendants for production of the contract sought in Plaintiff's Request For Production Of Documents referred to herein. Plaintiff's good faith conferences have resulted in a denial by the Defendants of production of this document.

WHEREFORE, Plaintiff prays that the Court consider this contract a

necessity for a just and proper adjudication of this case and enter an order requiring the Defendants to produce said contract so that Plaintiff can properly prepare its case for trial.

Dated this the 10th day of January, 2007.

*signature*
JOHN E. BYRD (BYR 005)
Attorney for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 Fax

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the Honorable Craig A. Alexander, Rumberger, Kirk, & Caldwell, Attorneys at Law, Lakeshore Park Plaza, Suite 125, 2204 Lakeshore Drive, Birmingham, Alabama 35209 by placing a copy of same properly addressed and postage prepaid in the U.S. mail.

Dated this the 10 day of Jan., 2006.

*signature*
JOHN E. BYRD
Attorney for Plaintiff

3