IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., ) ) ) | |
| Plaintiff, ) | |
| v. ) | CASE NO. 1:05-cv-1062-MEF |
| ) CENTURYTEL SERVICE GROUP, L.L.C., *et al.*, ) ) ) | |
| Defendants. ) | |

# ORDER ON PRETRIAL HEARING

A pretrial hearing was held in this case on January 22, 2007, wherein the following proceedings were held and actions taken:

1. PARTIES AND TRIAL COUNSEL:

John E. Byrd, Counsel for Plaintiff, Lattime Construction and Home Building, Inc.

Craig A. Alexander, Counsel for Defendants L.M. Berry and Company and CenturyTel Service Group, LLC.

COUNSEL APPEARING AT PRETRIAL HEARING:

John E. Byrd, for the plaintiff.

Craig A. Alexander, for the defendants.

2. JURISDICTION AND VENUE:

The United States District Court for the Middle District of Alabama has jurisdiction over this removed civil action under 28 U.S.C. 1441(a) and (b), in that there is complete diversity between the plaintiff and the defendants and the amount in controversy exceeds $75,000.00.

Venue in this action is proper in the United States District Court for the Middle District of Alabama, Southern Division, in that this action was removed from the Circuit Court of Houston County, Alabama, which sits within the territory of the Southern Division of the Middle District of Alabama.

3. PLEADINGS: The following pleadings and amendments were allowed:

   (a) Complaint, filed in the Circuit Court of Houston County, Alabama (Doc. 1, Exhibit A).

   (b) Amended Complaint, filed on November 17, 2005 (Doc. 7).

   (c) Amended Complaint, filed on January 6, 2006 (Doc. 12) (with Count Two stricken by this Court's order of January 19, 2006) (Doc. 15).

   (d) Answer of Defendant CenturyTel Service Group, LLC, filed on January 23, 2006 (Doc. 16).

   (e) Answer of Defendant L. M. Berry and Company, filed on January 23, 2006 (Doc. 17).

   (f) Amended Answer and Counterclaim of Defendant L. M. Berry and Company, filed on May 2, 2006 (Doc. 28).

   (g) Answer to Counterclaim, filed by plaintiff on May 16, 2006 (Doc. 30).

4. CONTENTIONS OF THE PARTIES:

   (a) The plaintiff:

Lattime Construction and Homebuilding, Inc. contends that the defendants breached a July 14, 2003 contract by which defendant L. M. Berry and Company undertook, on behalf of defendant CenturyTel Service Group, LLC, to publish advertisements and listings for the plaintiff in the 2003-2004 Dothan, Alabama telephone directory. The plaintiff also contends that the defendants were guilty of negligence or wantonness in causing or

allowing several of the plaintiff's requested advertisements and listings to be published incorrectly. The plaintiff claims that as a result of the breach of contract and negligence or wantonness of the defendants, the plaintiff has suffered lost revenue and profits, mental anguish, attorneys' fees and expenses, and other incidental or consequential damages.

Plaintiff further denies that the second page of the contract identified as "Terms and Conditions" was sent to plaintiff, and denies that it was agreed to by plaintiff, and denies that it was signed by plaintiff.

In answer to the counterclaim of defendant L. M. Berry and Company, the plaintiff denies that it is indebted for the advertising charges under the July 14, 2003 contract because it did not receive the benefit of the bargain under the contract.

(b)    The defendants:

Defendant L. M. Berry and Company admits that it entered into a contract with the plaintiff on July 14, 2003, and denies that it materially breached this contract and denies that it committed negligence or wantonness in connection with the publication of plaintiff's advertising in the 2003-2004 Dothan, Alabama CenturyTel telephone directory, and denies the plaintiff's allegations of injuries and damages.

Defendant CenturyTel Service Group, LLC admits that L. M. Berry and Company entered into a contract with the plaintiff on July 14, 2003, and denies that it was a party to this contract, denies that it breached the contract, and denies that it committed negligence or wantonness in connection with the publication of plaintiff's advertising in the 2003-2004 Dothan, Alabama CenturyTel telephone directory, and denies the plaintiff's allegations of injuries and damages.

Defendants L. M. Berry and Company and CenturyTel Service Group, LLC deny that the plaintiff, as a corporation, is entitled to recover damages for mental anguish. The defendants further assert that the plaintiff has failed to mitigate its damages, that the plaintiff's claim for negligence or wantonness is barred by the two year statute of limitations for such claims under Alabama law, and that the plaintiff was guilty of negligence that contributed to cause its claimed injuries and damages. The defendants further assert that under the July 14, 2003 contract, the plaintiff's claim for damages is limited to the

amount of the charges for the advertisements or listings which the plaintiff claims were published incorrectly, and plaintiff denies that this limitation exists under the facts of this case.

In its counterclaim against the plaintiff, L. M. Berry and Company contends that the plaintiff breached the July 14, 2003 directory advertising contract by failing or refusing to pay the agreed advertising charges of $318.00 per month for the 12 month term of the agreement, and alleges that as a result of this breach, it has suffered damages totaling $3,816.00. L. M. Berry and Company asserts that it is entitled to recover $3,816.00 from the plaintiff, prejudgment interest as may by allowed by Alabama law from September 17, 2004.  L. M. Berry and Company also contends that it is entitled to attorneys' fees as provided by the parties' contract, and plaintiff denies that L. M. Berry is entitled to attorneys' fees under the facts of this case.

5.  STIPULATIONS BY AND BETWEEN THE PARTIES:

The parties stipulate to the following:

1.  Plaintiff Lattime Construction and Homebuilding, Inc. and defendants CenturyTel Service Group, LLC and L. M. Berry and Company are correctly identified as parties in this civil action.

2. A valid, enforceable contract for the publication of advertising in the 2003-2004 edition of the Dothan, Alabama CenturyTel telephone directory was created by the plaintiff's execution of a Directory Advertising Order on July 14, 2003 and the acceptance of this advertising order.  This stipulation does not extend to the "Terms and Conditions" on the second page of the Directory Advertising Order, which the plaintiff denies that it was sent to plaintiff, and denies that it was agreed to by plaintiff, and denies that it was signed by plaintiff.

3.  Under the contract, the monthly charges for the directory advertising and listings to be published in this directory would be $318.00 per month.

It is ORDERED that:

(1) The jury selection and trial of this cause, which is to last two (2) days, are set for February 26, 2007, at 10:00 a.m. at the United States Courthouse in Dothan, Alabama;

(2) A trial docket will be mailed to counsel for each party approximately three weeks prior to the start of the trial term;

(3) The parties are to file their pre-trial briefs, if any, by February 19, 2007;

(4) Each party shall have available at the time of trial, for use by the court (the judge, the courtroom deputy clerk, and the law clerk), three copies of the exhibit list and a sufficient number of copies of each photostatically reproducible exhibit for opposing counsel, the courtroom deputy clerk, the law clerk, and the judge to each have a set of the exhibits;

(5) All deadlines not otherwise effected by this order will remain as set forth in the Uniform Scheduling Order (Doc. #22) entered by the court on February 16, 2006;

(6) All understandings, agreements, deadlines, and stipulations contained in this Pretrial Order shall be binding on all parties unless this Order be hereafter modified by Order of the Court.

DONE this the 25th day of January, 2007.

       /s/ Mark E. Fuller
CHIEF UNITED STATES DISTRICT JUDGE