IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISIONS

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC. )<br>)<br>PLAINTIFF, )<br>)<br>VS. )<br>)<br>CENTURYTEL SERVICE GROUP, )<br>L.L.C, AND THE BERRY COMPANY, )<br>)<br>DEFENDANTS. ) | CASE NO. 1:05-cv-1062-MEF |

## OBJECTION TO PROPOSED DOCUMENTARY EVIDENCE
## OF DEFENDANTS

Comes now the Plaintiff in the above styled cause, and objects to the following documentary evidence which Defendant's propose to introduce in the trial of this case which they have disclosed to Plaintiff in their Witnesses and Exhibits disclosures dated January 18, 2007, in accordance with the Court's Uniform Scheduling Order, a copy of which is attached herewith as Exhibit "A", as follows:

1. Item number 10. on the exhibits list.  June 7, 2003  Memorandum from Monica Willis at L. M. Berry re: 10-Week Prior Directory Delivery Production Schedule.

2. Item number 12. on the exhibits list.  The terms and conditions page of the Directory Advertising Order (Exhibit 10 to Richard Lattime's deposition).

Plaintiff submits that item number 10. is a memorandum from Monica Willis. She is not a witness listed on the witness list and therefore this document cannot be properly presented as evidence and there cannot be cross-examination of this witness. A copy of item 10. is attached herewith as Exhibit "B".

Plaintiff submits that item number 12. attached herewith as Exhibit "C", was not sent to Plaintiff with the contract when the contract in this case was signed, was not received by the Plaintiff, was never signed by the Plaintiff and was never a part of the contract in this case.

Plaintiff further submits to the court that this piece of paper entitled Terms and Conditions was only sent to Plaintiff in blank, by fax, from The Berry Company on or about November 7, 2003.

Plaintiff submits herewith the following authority in the support of this objection:

1. Item number 10. on Defendants Exhibit List. The June 7, 2003 Memorandum from Monica Willis at L. M. Berry re: 10-Week Prior Directory Delivery Production Schedule is not admissible, as the proper predicate cannot be laid for this document, it cannot be introduced as evidence, and the preparer cannot be cross-examined unless she is a witness presenting this document.

2. Item number 12. on Defendants Exhibit List. The Terms and Conditions page of the Directory Advertising Order (Exhibit 10 to Richard

Lattime's deposition).

   a. There is no mutual assent, meeting of the minds or any element of a valid contract present in this document. (See citations listed below)

    First National Bank of Durant v. Trans Terra Corp., Int'l, 142 F. 3d 802, 808 (5th Cir. 1998).

    Roberts and Schaefer Co. v. Hardaway Co., 152 F. 3d 1283, 1291 (11th Cir. 1998).

    McDonough Constr. Co. v. Tutt, 209 F Supp 45 (1962, SD Ala).

Dated this the 26 day of January, 2007.

---

### CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the Honorable Craig A. Alexander, Rumberger, Kirk, & Caldwell, Attorneys at Law, Lakeshore Park Plaza, Suite 125, 2204 Lakeshore Drive, Birmingham, Alabama 35209 by placing a copy of same properly addressed and postage prepaid in the U.S. mail.

Dated this the 26 day of January, 2007.

JOHN E. BYRD
Attorney for Plaintiff

JOHN E. BYRD (BYR 005)
Attorney for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 Fax