IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISIONI

| | | |
|---|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:05-CV-1062-F |
| v. | ) ) | |
| L. M. BERRY and COMPANY, et al., | ) ) | |
| Defendants. | ) | |

### DEFENDANTS' SUBMISSION IN RESPONSE TO MOTION TO COMPEL

Defendants L. M. Berry and Company and CenturyTel Service Group, L.L.C. submit this response to plaintiff's motion to compel, filed on January 11. 2007 (doc. 36), and in compliance with this Court's January 16, 2007 Order (doc. 37) requiring that the defendants show cause on or before January 30, 2007 why this motion should not be granted. As set forth below, the issue raised by plaintiff's motion and defendants' response is whether the requested documents are relevant or reasonably calculated to lead to the discovery of admissible evidence.

1. Plaintiff's motion to compel is directed to a request for the production of the contract between L. M. Berry and Company (also identifiable by its trade name of The Berry Company) and CenturyTel Service Group pursuant to which the 2003 edition of the Dothan, Alabama *CenturyTel* telephone directory was published:

> Produce all contracts between Defendants, Centurytel Service Group, LLC, and The Berry Company, for the preparation of, printing, distribution, selling and/or basis of listings in the white pages, selling and/or basis of listings in the yellow pages, preparation of graphics or in any other manner related to the selling of ads, printing and distribution of the September, 2003 Centurytel telephone directory for Dothan, Alabama and surrounding areas, including everything therein.

*See* Motion to Compel (doc. 36), Exhibit A.

2. In response to this request, the defendants objected to the production of the contract between the defendants primarily on the ground that it was not relevant and was not reasonably calculated to lead to the discovery of admissible evidence, stating the following in support of this objection:

> In support of this objection, the defendants state that in its amended complaint, the plaintiff alleges that it entered into a contract "whereby the Defendant, L. M. Berry and Company, in behalf of CenturyTel Service Group, L.L.C., would provide Plaintiff with multiple listings in the CenturyTel telephone directory." In its answers, both L. M. Berry and CenturyTel admitted that L. M. Berry entered into a contract with the plaintiff for the publication of advertising in the telephone directory at issue in this civil action. Finally, the plaintiff has produced a Directory Advertising Order Signature Sheet signed by Rick Lattime on behalf of the plaintiff which states that "[a]pplicant . . . applies to L. M. Berry for the advertising described above" The terms of the contract between the defendants by which L. M. Berry agreed to publish the subject directory are not at issue in this action.

See Defendants' Response to Request for Production, at page 1 (attached as Exhibit A to this response). The defendants also asserted that the contract contained confidential proprietary information, the disclosure of which would be severely detrimental to the defendants in the highly competitive directory publishing industry. *Id.*, at pages 1-2.

3. In its motion to compel, the plaintiff asserted three specific reasons why the contract between the defendant should be produced: (1) it would "identify who is responsible for the printing, distribution, selling etc of the [*CenturyTel* directory]; (2) it would identify who was responsible for "legal claims caused by deficiencies in said directory"; and (3) it would establish or refute assertions by defendants' counsel in communications with plaintiff's counsel that the responsibility for the claimed errors in the directory belonged to L. M. Berry and Company. *See* Motion to Compel (doc. 36), at pages 1-2.

4. In this response, the defendants submit that these three assertions lack merit, because the pleadings by all parties in this case establish, without inconsistency or contradiction,

that the plaintiff contracted with L. M. Berry and Company for the publication of the directory advertising at issue in this case. Because the pleadings raise no legal issue as to the identity of the defendant who contracted to publish the plaintiff's directory advertising, there is no disputed question of fact needing resolution on this subject. Because there is no question of fact that needs resolution, the terms of the contract between L. M. Berry and CenturyTel by which L. M. Berry undertook to publish the 2003 Dothan, Alabama *CenturyTel* directory is not relevant to any claim or defense in this civil action.

5.  In its complaint, the plaintiff alleged that under the contract at issue in this action, "L. M. Berry ... would provide Plaintiff with multiple listings in the CenturyTel telephone directory." *See* Amended Complaint (doc. 12), at paragraph 3. The plaintiff alleged that L. M. Berry agreed to provide these listings "in behalf of CenturyTel Service Group," but the plaintiff has not alleged that L. M. Berry was acting as an agent of CenturyTel when this contract was formed or that CenturyTel for some reason is vicariously liable for L. M. Berry's alleged breach of its contract with the plaintiff. In their answers to the complaint, both L. M. Berry and CenturyTel admitted that L. M. Berry contracted with the plaintiff to publish directory advertising in the subject directory. *See* Answer of Defendant CenturyTel Service Group, LLC (doc. 16), at paragraph 3; Answer of Defendant L. M. Berry and Company (doc. 17), at paragraph 3.

6.  The Directory Advertising Order Signature Sheet faxed by L. M. Berry's sales representative, John Huber to Rick Lattime, the president of Lattime Construction and Homebuilding, and then signed by Mr. Lattime and faxed back to Mr. Huber, confirms that the plaintiff contracted with L. M. Berry for directory advertising. The order is identified as a document of The Berry Company and expressly states that the applicant "applies to L. M. Berry

3

and Company for the [described] advertising." *See* Exhibits B and C (Defendants' Exhibits 2 and 4 to the deposition of Rick Lattime).

7.  The plaintiff's second assertion - that production of the contract between L. M. Berry and CenturyTel would identify who was responsible for "legal claims caused by deficiencies in said directory" – restates, while adding nothing of substance, to the plaintiff's first assertion. Because the plaintiff has alleged that it contracted with Berry for the publication of its advertising, and because both defendants have admitted this allegation, the responsibility for the claimed errors constituting the alleged breach of contract is established by the pleadings: the responsibility for the plaintiff's claims rests with Berry.

8.  The plaintiff's third assertion is that defendants' counsel has communicated to plaintiff's counsel that L. M. Berry was responsible for the claimed errors in the plaintiffs' published advertising. In its motion to compel, the plaintiff asserts that these communications are inconsistent with the inclusion of directory advertising charges in the monthly statements the plaintiff received from CenturyTel, "which continues to hold Plaintiff responsible for payment." *See* Motion to Compel, at page 2, paragraph 4. This assertion overlooks the fact that L. M. Berry, and not CenturyTel, has asserted a counterclaim against the plaintiff for unpaid directory advertising charges. *See* Amended Answer and Counterclaim of Defendant L. M. Berry and Company (Doc. 28), at pages 3-4. L. M. Berry's assertion of this counterclaim, and the statements of defendants' counsel indicating that L. M. Berry "should shoulder the entire claim," are consistent with the allegations of the plaintiff's complaint and the admissions in the defendants' answers. For this reason, they do not create, or indicate the existence of, a disputed question of fact, for which the terms of the agreement between L. M. Berry and CenturyTel would provide relevant evidence.

4

9.  Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Although the plaintiff asserts that the contract between L. M. Berry and CenturyTel is relevant to establish which of the defendants was responsible for the 2003 Dothan, Alabama *CenturyTel* directory, neither the plaintiff's complaint or the defendants' answers have put this subject at issue. Moreover, the advertising order executed by the plaintiff clearly shows that it ordered directory advertising from L. M. Berry. For these reasons, the terms of the agreement between L. M. Berry and CenturyTel is not a matter that is relevant to the claim or defense of any party in this civil action.

*WHEREFORE*, defendants L. M. Berry and Company and CenturyTel Service Group, LLC respectfully submit that plaintiff's motion to compel is due to be denied.

s/ Craig A. Alexander
Craig A. Alexander (ASB-3390-N68C)
Attorney for Defendants L. M. Berry and Company
and CenturyTel Service Group, L.L.C.

RUMBERGER, KIRK & CALDWELL, P.A.
2204 Lakeshore Drive, Suite 125
Birmingham, AL  35209-6739
Telephone:    (205) 327-5550
Facsimile:    (205) 326-6786
calexander@rumberger.com

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing on counsel of record for the plaintiff by placing same in the United States Mail, properly addressed and first class postage prepaid:

        John E. Byrd
        P.O. Box 536
        Dothan, AL 36302

On this the 30th day of January, 2007.

        s/ Craig A. Alexander
        OF COUNSEL