IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION and ) | |
| HOME BUILDING, INC. ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| VS. )CASE NO.: 1:05-cv-1062-MEF | |
| ) | |
| CENTURYTEL SERVICE GROUP, ) | |
| L.L.C., and THE BERRY COMPANY,) | |
| ) | |
| DEFENDANTS. ) | |

**MOTION IN LIMINE AS TO DOCUMENTARY EVIDENCE
AND TESTIMONY OF DEFENDANTS**

Comes now the Plaintiff in the above-styled cause and files this its motion in limine concerning the documentary evidence and any testimony relating thereto regarding the documents identified as item number 10. on Defendant's Exhibit List, a copy of which is attached herewith as Exhibit "A", and the document identified as item number 12. on Defendant's Exhibit List, a copy which is attached herewith as Exhibit "B", and any and all testimony relating to either of said documents. Plaintiff assigns as grounds for said motion the following:

1.   Plaintiff submits that Monica Willis who prepared the document in Exhibit "A" is not a witness identified on Defendant's witness list and none of the witnesses on Defendant's witness list has personal

knowledge of facts set forth in said document. Nor can any known witness authenticate said document other than Monica Willis. Any presentation of this document or any testimony regarding said document would violate FED. R. EVID. 602, 901 and 902.

2.   Item number 12. on Defendant's witness list identified as Exhibit "B" herein, is irrelevant and inadmissible as it refers to a document that is not a valid contract, was never sent to the Plaintiff when the contract was made in this case, was not signed by the Plaintiff and was never a part of the contract for the purchase of the advertising in this case. Plaintiff further submits that this piece of paper was only sent to the Plaintiff, in blank, by fax, from The Berry Company on or about November 7, 2003. Plaintiff submits to allow this document and any testimony thereto would violate FED. R. EVID. 402.

3.   Plaintiff further submits to the Court that there is no mutual assent, meeting of the minds or any other element of a valid contract presented in Exhibit "B" herein and presents the following case law in support of its contentions regarding this document and any testimony relating thereto:

> First National Bank of Durant v. Trans Terra Corp., Int'l 142 F. 3d 802, 808 (5th Cir. 1998).

<u>Roberts and Schaefer Co. v. Hardaway Co.</u>, 152 F. 3d 1283, 1291 (11th Cir. 1998).

<u>McDonough Constr. Co. v. Tutt</u>, 209 Supp 45 (1962, SD Ala).

WHEREFORE, Plaintiff prays that the Court order the Defendant not to offer into evidence the documents referred to herein or any testimony relating thereto for the reasons stated herein.

Dated this the 7 day of February, 2007.

<u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have served a copy of the foregoing upon the Honorable Craig A. Alexander, Rumberger, Kirk, & Caldwell, Attorneys at Law, Lakeshore Park Plaza, Suite 1252204 Lakeshore Drive, Birmingham, Alabama 35209 by placing a copy of same properly addressed and postage prepaid in the U.S. Mail.

Dated this the 7 day of _____, 2007.

JOHN E. BYRD
Attorney for Plaintiff

JOHN E. BYRD (BYR005)
Attorney for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 fax

3