IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., ) ) ) | |
| Plaintiff, ) ) ) | Case No. 1:05-cv-1062-MEF |
| v. ) ) ) | |
| CENTURYTEL SERVICE GROUP, LLC, et al., ) ) ) | |
| Defendants. ) | |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S LISTED EXHIBIT TO BE USED AT TRIAL

Defendants L. M. Berry and Company and CenturyTel Service Group, LLC jointly object to the plaintiff's identification on its exhibit list of a letter, or letters, written by plaintiff's counsel to the defendants. In support of this objection, the defendants show unto the Court the following grounds:

1. On January 15, 2007, plaintiff's counsel authored a letter to the undersigned counsel for defendants that, in part, listed the plaintiff's intended exhibits at the trial of this cause. *See* Exhibit A. In this letter, on page 2, plaintiff's counsel listed "[a]ll letters from Plaintiff's attorney to CenturyTel Service Group, L.L.C. and L. M. Berry and Company."

2. Although plaintiff's disclosure referred to "letters" from plaintiff's counsel, the only letter enclosed with this letter was one dated July 20, 2004 to a Darrell Simmons at The Berry Company. *See* Exhibit B. In this letter, plaintiff's counsel stated that the plaintiff ordered advertising that was not placed in telephone directory, that the plaintiff had attempted unsuccessfully "to get some relief from the bills that are being charged to him," and demanded

that "you get in touch with me immediately to see if an amicable solution to this matter can be worked out without litigation."

3. Rule 408 of the Federal Rules of Evidence provides that "evidence of conduct or statements made in compromise negotiations regarding the claim" is not admissible on behalf of any party "when offered to prove liability for, invalidity of, or amount of a claim that was disputed as to validity or amount...." Rule 408(b) permits the use of this evidence if offered for purposes not prohibited by the rule, and lists as examples of permissible purposes proving a witness's bias or prejudice or negating a contention of undue delay.

4. Rule 408 bars the introduction of plaintiff's counsel's July 30, 2004 letter expressing his client's position in the dispute and demanding a response. If plaintiff intends to introduce any other letters written by plaintiff's counsel that were not enclosed with plaintiff's counsel's January 15, 2007 letter, defendants believe that such other letters also would be inadmissible under Rule 408.

*Wherefore*, defendants L. M. Berry and Company and CenturyTel Service Group, LLC object to the introduction into evidence at trial of the July 30, 2004 letter from plaintiff's counsel, as well as any other letters from plaintiff's counsel that were not specifically identified and disclosed in plaintiff's pre-trial identification of intended trial exhibits.

                                                     s/ Craig A. Alexander
                                                   Craig A. Alexander (ASB-3390-N68C)
                                                   Counsel for Defendants L. M. Berry and Company
                                                   and CenturyTel Service Group, LLC

OF COUNSEL:

RUMBERGER, KIRK & CALDWELL, P.A.
2204 Lakeshore Drive, Suite 125
Birmingham, AL  35209-6739
Telephone:    (205) 327-5550
Facsimile:     (205) 326-6786

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing pleading on all counsel of record by facsimile and by placing same in the United States Mail, properly addressed and first class postage prepaid:

> John E. Byrd, Sr.
> P.O. Box 536
> Dothan, AL 36302

On this the 9th day of February, 2007.

                                              s/ Craig A. Alexander
                                              OF COUNSEL