IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) | |
| Plaintiff, | ) ) ) | Case No. 1:05-cv-1062-MEF |
| v. | ) ) | |
| CENTURYTEL SERVICE GROUP, LLC, et al., | ) ) ) | |
| Defendants. | | |

## MOTION TO PRECLUDE

Pursuant to Rule 37(c) of the Federal Rules of Civil Procedure, defendants L. M. Berry and Company and CenturyTel Service Group, LLC jointly move this Court to enter an order precluding the plaintiff from introducing evidence at trial of any lost profits or other economic damages allegedly resulting from the claimed breach of contract, or negligence or wantonness, of the defendants as alleged in plaintiff's complaint. In support of this motion, these defendants show unto the Court the following grounds:

1.    This civil action arises out of the publication of advertising for plaintiff's homebuilding and remodeling business in the 2003 Dothan, Alabama *CenturyTel* telephone directory. The plaintiff asserts that its requested advertisements were not published correctly, and in its complaint, as amended, the plaintiff alleged that it suffered "substantial monetary loss, loss of revenue, lost contact with potential clients," along with "incidental and consequential damages, attorneys fees, costs, expenses and other lost revenue and income" as a result of the

defendants' alleged breach of contract and other wrongful acts or omissions. *See* Amended Complaint (doc. 12), at page 3, paragraph 5.

2. Under Alabama law, in order for lost profits to be a recoverable element of damages, "the loss of profits must be the natural and proximate, or direct, result of the breach complained of and **they must also be capable of ascertainment with reasonable, or sufficient certainty, and there must be some basis on which a reasonable estimate of the amount of the profit can be made.**" *Montgomery Airport Authority v. Epps Aircraft, Inc.*, 658 So.2d 354, 357 (Ala. 1994), *quoting Paris v. Buckner Feed Mill, Inc.*, 279 Ala. 148, 182 So.2d 880 (1966) (emphasis added). If the plaintiff is entitled to recover lost profits or other economic losses under the facts and the law of this case, which defendants do not concede in filing the present motion, it is clear that the plaintiff is required to show that these lost profits can be ascertained with reasonable certainty, with some basis provided for reasonably estimating the amount of these claimed lost profits.

3. Rule 26(a)(1)(c) of the Federal Rules of Civil Procedure requires that a party must, without awaiting a discovery request, provide "a computation of any category of damages claimed by the disclosing party." This rule also requires that the party make available for inspection and copying the documents or other evidentiary material on which this computation is based. The Advisory Committee Notes to Rule 26(a)(1)(c) make clear that the rule "imposes a burden of disclosure that includes the functional equivalent of a standing Request for Production" and that "[a] party claiming damages . . . must, in addition to disclosing the calculation of such damages, make available the supporting documents for inspection and copying as if a request for such material had been made under Rule 34." Fed. R. Civ.P. 26 Advisory Committee Notes to 1993 Amendments.

4.  The plaintiff made its initial disclosure on March 20, 2006. In this disclosure, the plaintiff stated that it had not yet computed its claimed damages:

> Plaintiff has not computed any calculations for damages at this time, however, Plaintiff expects to basically compute its damages based on income and other identifiable damages suffered by the Plaintiff as a result of the breach of the agreement and negligence by and of the Defendants suffered by the Plaintiff in this case. These computations will be determined by computations, discovery or otherwise.

Plaintiff's Rule 26(a)(1) disclosures, at page 3 (*See* Exhibit A).

5.  Rule 26(e)(1) of the Federal Rules of Civil Provide obligates a party to supplement disclosures made under Rule 26(a) if the party learns that its initial disclosures were incomplete or incorrect. No computation of damages has been provided subsequent to this initial disclosure, and no documents which might support or pertain to any such computation have been made available except for the income tax returns of the plaintiff for the years 2003 through 2005.

6.  On September 11, 2006, approximately six months after the plaintiff provided its initial voluntary disclosure, the deposition of Rick Lattime, as corporate representative of the plaintiff, was taken. In this deposition, Mr. Lattime testified that he had not made any effort to determine the amount of lost profit the plaintiff had suffered:

> Q.  Have you tried to figure out how much income, how much profit, that is, that your company has lost that you believe is due to this Yellow Pages problem?
>
> A.  I haven't personally, no. I just know that I am going down and down and down. It just keeps going; it is disappearing out of the company.

Deposition of Rick Lattime, at page 80 (*See* Exhibit B). Two weeks after this deposition was taken, in compliance with this Court's order requiring that the parties identify any witnesses who were expected to offer opinion testimony, including any expert witnesses, plaintiff's counsel

wrote a letter dated September 25, 2006 to the undersigned counsel for the defendants that identified Mr. Lattime as a lay witness who was expected to give opinion testimony regarding the "effect of his business on the failure of Defendants to place the contracted for advertising in the 2003 CenturyTel telephone directory ...." *See* Exhibit C. No computation of damages was set forth in this letter.

    7.    Counsel for defendants' counsel submits that a good faith attempt to confer with plaintiff's counsel for the resolution of the discovery issue raised in this motion has been made. This good faith effort included the raising of this issue during the pre-trial conference held in this case on January 22, 2007, when the undersigned counsel asserted that the plaintiff had not provided computations of its claimed damages. In response to this assertion, plaintiff's counsel asserted that information regarding the plaintiff's claimed damages was provided in a letter written on January 15, 2007.

    8.    The January 15, 2007 letter from plaintiff's counsel to defendants' counsel principally served to identify the plaintiff's witnesses and exhibits as required by this Court's Uniform Scheduling Order. In this letter, plaintiff's counsel included a statement that "[d]amages have now been basically, but not totally, determined from the tax returns of Plaintiff to be approximately $100,000 covering the years 2003-2005 plus an undetermined amount past 12/31/05." *See* Exhibit D. If any specific and complete computation of damages has been made by the plaintiff in this case, no further information or documentation of the nature or amount of these damages and how they have been calculated was provided in this letter, and has not been disclosed subsequent to the pre-trial conference. To the date of the filing of this motion, the plaintiff has not identified any specific customers or projects that it asserts was lost due to the claimed advertising error, it has not provided any computation of the profits or other

4

income it would have earned if the claimed error had not occurred, and it has not identified the nature or amount of any other specific economic losses it claims it has suffered.

9.  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party who, without substantial justification, fails to disclose information required by Rule 26(a) (1) or 26(e)(1) is not permitted to use such evidence at trial, unless the error is harmless. Defendants submit that the non-disclosure prior to trial of computations of claimed damages, and the documentation underlying such computations, is not harmless in a case where the plaintiff seeks to recover lost profits and other business losses allegedly resulting from a reduction in business that the plaintiff attributes to an error in an advertisement published in a telephone directory. Defendants further submit that this non-disclosure specifically is not harmless in a case involving a home-building and remodeling business, in which the amount of potential profit realized from the generation of a new business opportunity, and the amount of time between the securing of this opportunity and the receipt of income following the completion of the project, can be uncertain and widely variable.

10.  In *Design Strategy, Inc. v. Davis*, 493 F.3d 284 (2nd Cir. 2006), the Second Circuit Court of Appeals held that the District Court properly precluded a plaintiff from introducing evidence of claimed lost profits due to its failure to provide an adequate computation of these claimed damages pursuant to Rule 26(a) and Rule 26(e)(1). In *Design Strategy*, the district court had determined that the plaintiff was obligated to prove its claimed damages "with reasonable certainty" and that the plaintiff's production of its financial records, from which it asserted a computation of damages "could be made" by means of simple arithmetic, did not satisfy its disclosure obligation. 493 F.3d at 293-294. The district court had also noted that the plaintiff had not provided the court with any basis for a determination that its alleged lost profits were

5

capable of measurement without undue speculation, and found that that the non-disclosure was not harmless. 493 F.3d at 294. In affirming the district court's preclusion order as not constituting an abuse of discretion, the Second Circuit stressed that Rule 26(a) required more than a production of "undifferentiated financial statements" without any explanation, and instead required a computation, supported by documents. 493 F.3d at

11. In the present case, the plaintiff has produced its income tax returns instead of financial statements, but it has not disclosed even a simple arithmetical basis for its claim that it has suffered uncategorized damages of "approximately $100,000 covering the years 2003-2005 plus an undetermined amount past 12/31/05." Because the plaintiff has not met its disclosure obligations under Rule 26(a) and Rule 26(e)(1), and because the plaintiff's claimed economic damages must be inherently speculative without any showing that the damages can be, and have been, computed with any reasonable certainty, defendants submit that this Court should enter an order precluding the plaintiff from proceeding to trial with a claim for lost profits or other economic losses allegedly resulting from the directory advertising error asserted in this case.

*Wherefore,* defendants L. M. Berry and Company and CenturyTel Service Group, LLC jointly move this Court to enter an order precluding the plaintiff from introducing evidence at trial in support of any claim for damages for lost profits or other economic damages.

                                                s/ Craig A. Alexander
                                                Craig A. Alexander (ASB-3390-N68C)
                                                Counsel for Defendants
                                                L. M. Berry and Company and
                                                CenturyTel Service Group, LLC

OF COUNSEL:

RUMBERGER, KIRK & CALDWELL, P.A.
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone:   (205) 327-5550
Facsimile:   (205) 326-6786

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a copy of the foregoing motion to preclude on counsel of record for the plaintiff by facsimile and by placing same in the United States Mail, properly addressed and first class postage prepaid:

        John E. Byrd, Sr.
        P.O. Box 536
        Dothan, AL 36302

On this the 9th day of February, 2007.

        s/ Craig A. Alexander
        OF COUNSEL