**JOHN E. BYRD**
ATTORNEY AT LAW
211 WEST MAIN STREET, SUITE 1
DOTHAN, ALABAMA 36301

Phone (334) 794-0759
Fax (334) 792-0163

January 15, 2007

**RECEIVED**
BIRMINGHAM

JAN 1 8 2007

LAW OFFICES OF
Rumberger, Kirk & Caldwell
Professional Association

E-MAIL ADDRESS:
bblbjlaw@centurytel.net

MAILING ADDRESS:
P.O. BOX 536
DOTHAN, ALABAMA 36302

Honorable Craig A. Alexander
Rumberger Kirk & Caldwell
Lakeshore Park Plaza, Suite 125
2204 Lakeshore Drive
Birmingham, AL  35209-6739

RE:  Lattime Construction  v. CenturyTel Service Group, L.L.C., et al
     District Court Alabama, Southern Division
     <u>Case No. 1:05-CV-1062-F</u>

Dear Craig:

In accordance with the Court's Uniform Scheduling Order, Sections 9, 10, and 11, I am disclosing to you the witnesses, deposition parts and documents I expect to use in the trial of this case.  I have already disclosed some of this information in my Plaintiff's Rule26(a)(1) disclosures filed March 20, 2006 and my letter of September 25, 2006. I will try not to repeat the information I have already furnished you but supplement it to comply with the scheduling order and the rules.

## **WITNESSES**

1.  Rick Lattime , 203 Demsey Court, Dothan, AL 36303 (334) 983-3937.

2.  Edmond Bowman, Bowman Heating and Air Conditioning 105 Dempsey Court, Dothan, AL 36303, (334) 983-5452

3.  Janet Lattime, 203 Demsey Court, Dothan, AL 36303 (334) 983-3937.

4.  John Huber, L. M. Berry & Company, 2348 Sterington Road, Suite 4, Monroe, LA, 71203. Telephone number unknown.

5. Any witness identified in the disclosures and letter previously stated herein.

6. Any witness identified by the Defendants.

## DEPOSITIONS

1. I expect to use the entire deposition of John Huber if he is not called as a witness in this case.  Otherwise, I expect to use parts of his deposition for rebuttal or impeachment purposes which cannot be identified until he testifies but certain parts will be used for these purposes upon his testimony.

## DOCUMENTS

1. Plaintiff's tax returns for the years 2002 through 2005. (copies have already been sent to you)

2. A copy of the contract between the L. M. Berry Company and Centurytel Service Group, L.L.C.  Plaintiff does not have a copy of this at this time, but will furnish when received.

3. All letters from Plaintiff's attorney to Centurytel Service Group, L.L.C. and L. M. Berry and Company. (copies attached)

4. Three copies of contract between the Berry Company and Lattime Construction and Home Building Inc., two of which are unsigned and one which is signed. (copies attached)

5. Four directory advertising orders. (copies attached)

6. A copy of the requested directory advertising prepared by Rick Lattime and faxed to John Huber 7/11/03. (copies attached)

7. Face sheet of the September, 2003 Centurytel Directory. (copy attached)

8. Eleven pages showing advertisement of Lattime Construction and Home Building Inc. in the yellow pages and white pages of the September 2003 Centurytel Directory. (copies attached)

9. Letter from Rick Lattime dated 12/8/03 faxed to Mrs. Kay Patrick with two pages attached, the last being the page showing Plaintiff's order in the September 2003 Directory. (copies attached)

10. Nine pages entitled The Berry Company and Directory Distribution Associates. (copies attached)

11. Billing statements and disconnect notices, from Centurytel to plaintiff. (copies were sent to you on May 19, 2006)

12. All documents included in the deposition of Rick Lattime and John Huber (you already have).

Damages have now been basically, but not totally, determined from the tax returns of Plaintiff to be approximately $100,000.00 covering the years 2003-2005 plus an undetermined amount past 12/31/05.

Craig, should there be anything that you know of that I have not included, please let me know and I will include it immediately.

Very truly yours,

John E. Byrd

JEB/th
Enclosures