IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:05-cv-1062-MEF ) ) |
| CENTURYTEL SERVICE GROUP, LLC, et al., | ) ) ) |
| Defendants. | ) ) |

REQUESTED JURY INSTRUCTIONS
BY DEFENDANT CENTURYTEL SERVICE GROUP, LLC AND BY DEFENDANT
AND COUNTERCLAIMANT L. M. BERRY AND COMPANY

Defendant CenturyTel Service Group, LLC and defendant and counterclaimant L. M. Berry and Company submit the following requested jury instructions in this civil action:

1.  In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion." A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true. When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them. If the

proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005, Instruction 6.2.*

Given _____    Refused _____

 2. In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

 The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

 In your deliberations you should consider only the evidence—that is, the testimony of the witnesses and the exhibits I have admitted in the record—but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

 Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in

arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005, Instruction 2.2.*

Given    _____    Refused    _____

    3.    Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

    In deciding whether you believe or do not believe any witness I suggest that you ask your self a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness' testimony differ from other testimony or other evidence?

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005, Instruction 3.*

Given    _____    Refused    _____

    4.    When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters. Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to reply upon it.

*Eleventh Circuit Pattern Jury Instructions (Civil) 2005, Instruction 5.1.*

Given    _____    Refused    _____

      5.    The intent of the parties to a contract is determined by considering the relationship of the parties, what they said and what they did and all of the surrounding circumstances. You will consider the nature of the contract, facts and circumstances leading up to and attending its execution, relation and condition of the parties, nature and condition of the subject matter and apparent purpose of making the contract. From a careful consideration of all of these matters you will determine from the evidence the intention of the parties at the time of the execution of the contract and render a verdict based on the intention of the parties. You will not attempt to alter the expressed intention of the parties if they are clear and unambiguous. A person's secret intent has no bearing; only the intent indicated by his words and acts may be considered.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 30.00.*

Given    _____    Refused    _____

      6.    In this action the plaintiff claims damages of the defendant(s) as the result of a breach of contract entered into between the plaintiff and the defendant(s) on July 14, 2003 whereby the plaintiff agreed to pay the sum of $318.00 per month for twelve months and the defendant(s) in return agreed to publish advertising and listings for the plaintiff in the 2003-2004 edition of the Dothan, Alabama *CenturyTel* telephone directory.

      The plaintiff contends that it has performed its part of the contract but that the defendant(s) has breached the contract, in that defendant(s) did not publish the plaintiffs' listing and advertising in the manner agreed between the parties. The plaintiff alleges that it was damaged as a result of the alleged breach. Defendant L. M. Berry and Company admits entering

into a contract with the plaintiff, but in defense of the plaintiff's claim contends that the plaintiff should not recover because it substantially performed the contract.

Defendant L. M. Berry and Company has filed a counterclaim against the plaintiff whereby the defendant seeks damages from the plaintiff as a result of an alleged breach of the contract on the part of the plaintiff in failing or refusing to pay $318.00 per month for twelve months for the directory advertising and listings.

The contract being admitted by the plaintiff and by the defendant(s), it will be your duty to determine from the evidence whether either party breached the contract and if so the amount of damages, if any, suffered by the other party as a result.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 10.13.*

Given  _____          Refused  _____

      7.    In this action the plaintiff claims damages of the defendant CenturyTel Service Group, LLC as the result of the breach of an alleged contract entered into by the plaintiff and defendant on or about July 14, 2003 where by the plaintiff alleges that it agreed to pay the sum of $318.00 per month for twelve months and defendant CenturyTel Service Group, LLC in return agreed to publish advertising and listings for the plaintiff in the 2003-2004 edition of the Dothan, Alabama *CenturyTel* telephone directory. Defendant CenturyTel Service Group, LLC denies that it was a party to this contract.

Therefore, on the plaintiff's claim against defendant CenturyTel Service Group, LLC it will be necessary for you to determine from the evidence: (1) Whether there was a contract between the plaintiff and this defendant as claimed by the plaintiff; (2) if so, the terms and conditions of the contract; (3) if this defendant breached the contract; and (4) if you find there was a contract between the plaintiff and defendant CenturyTel Service Group, LLC and that this

defendant breached the contract, then you will determine from the evidence what damage, if any, the plaintiff suffered as a result of such breach.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 10.14.*

Given _____   Refused _____

      8.    Substantial performance of a contract is performance of all its important parts, but does not require a full or exact performance of every slight or unimportant detail

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 10.21.*

Given _____   Refused _____

      9.    A party may recover the contract price, less the reasonable costs of remedying any trivial defects or omissions, if it has substantially performed the contract.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 10.22.*

Given _____   Refused _____

      10.    Damages recoverable for the breach of a contract are such as are the natural and proximate consequences of the breach, and such as may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 11.28.*

Given _____   Refused _____

      11.    It is the duty of one damaged to exercise reasonable care to reduce its damages; it is bound to exercise such reasonable care as a reasonably prudent person would exercise under like circumstances to reduce or mitigate the damages. A party can recover only such damages as would have been sustained had such care been exercised.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 11.29.*

Given _____   Refused _____

12.  Contributory negligence is negligence on the part of the plaintiff that proximately contributed to the alleged damages.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 30.00.*

Given  _____    Refused  _____

13.  The defendants' answer raising contributory negligence is an affirmative defense. Therefore, the burden is upon the defendant to reasonably satisfy you from the evidence as to the truth of all of the material allegations of this defense.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 30.01.*

14.  If you are reasonably satisfied from the evidence that the plaintiff was guilty of contributory negligence, the plaintiff cannot recover for any initial simple negligence of the defendant.

*Alabama Pattern Jury Instructions – Civil, 2nd edition, Instruction 30.02.*



s/ Craig A. Alexander
Craig A. Alexander (ASB-3390-N68C)
Counsel for Defendants L. M. Berry and Company
and CenturyTel Service Group, LLC

OF COUNSEL:

RUMBERGER, KIRK & CALDWELL, P.A.
2204 Lakeshore Drive, Suite 125
Birmingham, AL  35209-6739
Telephone:   (205) 327-5550
Facsimile:   (205) 326-6786

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a copy of the foregoing requested jury instructions on all counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

    John E. Byrd, Sr.
    P.O. Box 536
    Dothan, AL 36302

On this 9th day of February, 2007.

            s/ Craig A. Alexander
            OF COUNSEL