THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2007 FEB 16  A 9: 34

P. HACKETT, CL
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| LATTIME CONSTRUCTION and HOME BUILDING, INC., | ) ) ) |
| PLAINTIFF, VS. | ) ) CASE NO.: 1:05-cv-1062-MEF ) |
| CENTURYTEL SERVICE GROUP, L. L. C., and THE BERRY COMPANY, | ) ) ) |
| DEFENDANTS. | ) |

## TRIAL BRIEF AND RESPONSE TO MOTION TO PRECLUDE

Plaintiff in this brief expects to present to this Court law and some facts in support of its claims relating to lost profits, intended beneficiary status of Centurytel Service Group, L.L.C., to The L.M. Berry Company and Plaintiff and wantonness.

## LOST PROFITS

Plaintiff submits Defendant's Motion to Preclude is filed because Defendants have no defense to Plaintiff's claims for breach of contract and negligence and/or wantonness. Plaintiff, since early in this case, has informed Defendants counsel that it intended to prove its damages through its tax returns from 2003-2005, along with the testimony of Rick Lattime, as to how the actions of Defendants caused the lost profits evidenced by the tax returns. Plaintiff sent its 2003, 2004 tax returns to Defendants on 5/19/06. On September 11, 2006, at the time of the deposition of Rick Lattime, the 2005 tax return of Plaintiff had not been prepared. Some time after the deposition of Rick Lattime the 2005 tax return of Plaintiff was furnished to Defendants. On September 22, 2006,

Plaintiff sent a letter to Defendants again stating it intended to use the lost profits from its 2003-2005 tax returns which Defendants had at this time along with the possible loss for 2006 plus refused admittance into Centurytel's directory subsequent to 2003 by Defendants (this letter will not be included as it contains an offer of compromise). Then on 1/15/07 in compliance with the Uniform Scheduling Order, Plaintiff submitted to Defendants its final statement of damages to be $100,000.00, which was determined from the tax returns for 2003-2005 and the testimony of Rick Lattime. These show a net profit of approximately $65,000.00 in 2003 to a net loss of $35,000.00 in 2005. Plaintiffs' testimony is and will be that the failure of Defendants to include the main advertisement relating to his main source of business in its 2003 Centurytel telephone directory caused these lost profits. Defendants argument that Plaintiff failed to provide computations of the lost profits it intended to prove, they were not made available for inspection and copying, contained specific customers or projects and no computation communicated to Defendants is disingenuous. Plaintiff's counsel communicated with Defendants attorney numerous times about his intent to prove damages of lost profits through the 2003-2005 tax returns of the Plaintiff and the testimony of Rick Lattime.

  Defendants try to rely on rules that are not supported by the facts. Then they try to rely on law that barely touches on the basics of the admissibility of lost profits and then on a case that has no application to the facts in this case. Generally speaking, in the <u>Design Strategy</u> case cited by Defendants, lost

profits were excluded because <u>Design Strategy</u> violated Rule 26, in that it failed to describe that it sought lost profits in its disclosures. Defendants erroneously state that the court found that financial records did not satisfy disclosure obligations. Defendants borrow dialog between the court and a Mr. Dweck, Design's counsel, and add to it that it is dispositive. Nothing in this case concludes that financial statements or financial records are to be excluded from a jury in determining lost profits. In fact, it is not known exactly what financial statements or records are referred to. The records in this case are professionally prepared tax returns of the Plaintiff which have been disclosed to Defendants many months before final disclosures were due in this case and well before the Pretrial hearing. Further, Defendants cite the wrong book number for the <u>Design Strategy</u> case. The correct book number is 469. The <u>Design Strategy</u> case is not supportive of Defendants motion.

    Further, their motion is verbose with a spin to fit their contentions but lacks substance or the facts or law. <u>Furthermore, Defendants made no timely objections to the authenticity and admissibility of Plaintiff's tax returns for the years 2003-2005, thus according to the Uniform Scheduling Order, they are genuine and admitted</u>. In fact, in their Motion in Limine they admit the authenticity of these returns. If these tax returns are authenticated and admitted into evidence, how can the jury not consider them as lost profits of Plaintiff if there is testimony on how the actions of Defendants, in this case, created these damages.

Plaintiff submits the following law in support of allowing lost profits to be introduced through Plaintiff's tax returns and the testimony of Rick Lattime:

1. Alabama law states that Plaintiff must prove with reasonable certainty the amount of lost profits and that these damages proximately resulted from the wrongs of Defendants. It defines reasonable certainty as evidence which provides a basis upon which you can calculate alleged lost profits as a proximate result of Defendants alleged wrongful conduct. APJI 11.38.

2. K. W. Plastics, et al. v. United States Can Co., et al., 131 F. Supp. 1265, 2001 U.S. Dist. LEXIS 2965, in the Middle District of Alabama, Northern Division says:

   " The court presumes that the jury will properly assess damages when it is presented with sufficient evidence. The jury can fulfill its duties only if it receives all of the available admissible damages evidence that the parties have to offer." See Hickox v. Vester Morgan, Inc., 439 So. 2d 95, 101 (Ala. 1983). As a general rule, a motion in limine should not be used to deny the jury the opportunity to make this determination. As the United States Supreme Court has held, an opinion that has been quoted by the Alabama Supreme Court:

   "When, from the nature of the case, the amount of damages cannot be estimated with certainty, or only a part of them can be so estimated, we can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount."

3. In the Federal case of Cashman v. Allied Products Corp., 761 F. 2d 1250, 1252-1253 (8th Cir. 1985) which appears in Plaintiff's jury instruction number 8. says:

   "In order to recover damages for lost profits, the Plaintiff must show that the profits lost are a direct result of the Defendants conduct and that the amount of the reduction of profits may be ascertained with

reasonable certainty; once the fact of loss has been shown; the difficulty of proving its amount will not preclude recovery so long as there is proof of a reasonable basis upon which to approximate the amount."

4. Super Valu Stores, Inc. v. Thomas J. Peterson, 506 So. 2d 317; 1987 Ala. LEXIS 4225. The Supreme Court of Alabama says:

Juries are allowed to act upon probable and inferential, as well as direct and positive proof. And when, from the nature of the case, the amount of damages cannot be estimated with certainty, or only a part of them can be estimated, the Supreme Court of Alabama can see no objection to placing before the jury all the facts and circumstances of the case, having any tendency to show damages, or their probable amount; so as to enable them to make the most intelligible and probable estimate which the nature of the case will permit."

5. Great Pines Water Co. v. Liqui-Box Corp., 203 F. 3d 920, 922-23 (5th Cir. 2000).

Lost profit does not require that loss be susceptible of exact calculation, the amount of the loss must be shown by competent evidence with reasonable certainty.

6. Gross v. Lowder Realty Better Homes and Gardens, 494 So 2d (1986,Ala).

Recovery should not be denied merely because such damages are difficult to ascertain.

7. Brendle Fire Equipment, Inc. v. Electronic Engineers, Inc. 454 So. 2d 1032 (Ala. Civ. App. 1984; 25 C.J.S. Damages, Section 43).

If exact proof of damage is not available, all that is required is sufficient evidence to afford a reasonable basis for establishing the loss.

Plaintiff submits that its tax returns for years 2003-2005, show the amount of the lost profits with reasonable certainty. The testimony of Rick Lattime has and will show how the Defendants actions or conduct caused the lost profits that Plaintiff sustained through these tax returns.

## **INTENDED BENEFICIARY**

Plaintiff submits Centurytel Service Group, L.L.C. was the intended beneficiary of the order form or contract between The L. M. Berry Company and Plaintiff. There was no payment promised to L. M. Berry Company by Plaintiff. Payment was to be made by Plaintiff to Centurytel Service Group, L.L.C. Payment to L. M. Berry Company was the responsibility of Centurytel Service Group, L. L. C. It cannot even be shown from the order that L. M. Berry Company has any responsibility to Plaintiff unless they participated in the production, etc. of the 2003 telephone directory for Dothan, Alabama. Plaintiff submits this area of law because L. M. Berry Company has sued Plaintiff in its Counterclaim for the cost of the advertisements purchased by the Plaintiff to be placed in the 2003 directory. Actually, L. M. Berry Company has no claim against Plaintiff for payment of the advertisements Plaintiff purchased in this case. Centurytel Service Group, L. L. C., billed Plaintiff for the advertisements, added them to Plaintiff's telephone bill and issued the threats to cut off Plaintiff's telephone service. <u>L. M. Berry company has no claim against Plaintiff and the Counterclaim should be dismissed</u>. The case of <u>Wesley Locke v. Ozark</u>

6

City Board of Education, 910 So. 2d 1247, 2005 Ala. LEXIS 55, supports Plaintiff's position when it says as follows:

> To recover under a third-party beneficiary theory, you must show:
>
> 1. The contract was created to bestow a direct, not incidental benefit upon a third-party.
>
> 2. That the third-party was the intended beneficiary of the contract.
>
> 3. That the contract was breached.
> See also:
>
> George Dunning et. al. v. New England Life Ins. Co. et. al., 890 So. 2d 92, 2003 LEXIS 360
>
> Raymond Custer and Elizabeth Custer v. Homeside Lending, Inc., 858 So. 2d 233, 2003 Ala. LEXIS 82
>
> Harris Moran Seed Company, Inc. v. Edward A. Phillips et al., 2006 Ala. Civ. App. LEXIS 357, 60 U.C.C. Rep. Serv. 2d. (Callaghan) 25

## WANTONNESS

Plaintiff submits and will testify that Defendants had a detailed drawn out plan of how and what Plaintiff's advertising was to be placed in the 2003 Centurytel Service Group, Inc. telephone directory for Dothan, Alabama. Defendants consciously changed or omitted the most important advertisement Plaintiff was placing in this telephone directory. They offered no proof to Plaintiff prior to printing and proceeded, knowingly and deliberately removing or omitting advertisements in said directory that were critical to Plaintiff.

Alabama law at Ala. Code, Section 6-11-20(b)(3) defines wantonness as "conduct carried on with a reckless or conscious disregard of the rights of others." Wantonness is the "conscious doing of some act or the omission of some duty, while knowing of existing conditions and being conscious that, from doing or omitting to do an act, damage will likely or probably result."

So says S. B. et al. v. Saint James School, et al., 2006 Ala. LEXIS 336, and many others. In Federal Jury Practice and Instruction, Fifth Edition, wantonness is defined as "an act or failure to act, if done in reckless or callous disregard of, or indifference to, the rights of one or more persons, including the damaged person."

Plaintiff submits Defendant's acts or failure to act were conscious and deliberate without any effort to verify what they were doing, knowing full well that Plaintiff would sustain damages as a result of their actions if they were not correct. Plaintiff respectfully submits wantonness should go to the jury in this case.

Dated this the 15th day of February, 2007.

_____
JOHN E. BYRD (BYR 005)
Attorney for Plaintiff
P.O. Box 536
Dothan, Alabama 36302
(334) 794-0759
(334) 792-0163 Fax

---

CERTIFICATE OF SERVICE

I do hereby certify that I have served a copy of the foregoing upon the Honorable Craig A. Alexander, Rumberger, Kirk, & Caldwell, Attorneys at Law, Lakeshore Park Plaza, Suite 125, 2204 Lakeshore Drive, Birmingham, Alabama 35209 by placing a copy of same properly addressed and postage prepaid in the U.S. mail.

Dated this the 15th day of Feb., 2007.

_____
JOHN E. BYRD
Attorney for Plaintiff