IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) |
| Plaintiff, | ) ) ) Case No. 1:05-cv-1062-MEF |
| v. | ) ) |
| CENTURYTEL SERVICE GROUP, LLC, et al., | ) ) ) |
| Defendants. | ) |

**TRIAL BRIEF OF DEFENDANT CENTURYTEL SERVICE GROUP, LLC
AND DEFENDANT-COUNTERCLAIMANT L. M. BERRY AND COMPANY**

Defendant CenturyTel Service Group, LLC and defendant-counterclaimant L. M. Berry and Company submit this trial brief in this civil action.

I.   **Plaintiff's Claims for Negligence or Wantonness and Defendants' Statute of Limitations Defense**

As set forth in this Court's pre-trial order, plaintiff Lattime Construction and Homebuilding, Inc. asserts claims for negligence or wantonness against the defendants, and in answer the defendants have pled that these claims are barred by the two-year statute of limitations for such claims under Alabama law. The parties have stipulated that this case arises out of the publication of advertising for the plaintiff in the 2003-2004 edition of the Dothan, Alabama CenturyTel telephone directory. Plaintiff's complaint was filed on September 20, 2005 in the Circuit Court of Houston County, Alabama, and plaintiff's claims of negligence or wantonness are time-barred if these causes of action accrued prior to September 20, 2003.

The defendants expect the evidence at trial to show that the 2003-2004 Dothan, Alabama CenturyTel telephone directory was published; i.e., was distributed to residents of the Dothan,

Alabama metropolitan area, between August 26 and September 15 of 2003, more than two years before the plaintiff filed this civil action. If so, and if plaintiff's causes of action for negligence or wantonness accrued when the telephone directory was first published, then those causes of action are time-barred.

The Alabama Supreme Court has held that a cause of action "accrues" when a civil action can first be maintained on the cause of action:

> A cause of action "accrues" as soon as the party in whose favor it arises is entitled to maintain an action thereon. *See Garrett v. Raytheon Co.*, 368 So.2d 516 (Ala.1979), for an in-depth discussion of when a cause of action accrues for purposes of the statute of limitations. A party has a cause of action, and the statute of limitations begins to run, on the date the first legal injury occurs, but not necessarily from the date of the act causing the injury. *See Brotherhood of Locomotive Firemen & Enginemen v. Hammett*, 273 Ala. 397, 140 So.2d 832 (1962). That is, where the act complained of does not itself constitute a legal injury at the time, but the plaintiff's injury comes only as a result of, and in furtherance and subsequent development of, the act of the defendant, the cause of action 'accrues,' and the statutory period of limitations begins to run, ' "when, and only when, the damages are sustained." ' *Garrett v. Raytheon Co., supra*, at 519, quoting *[Kelley] v. Shropshire*, 199 Ala. 602, 605, 75 So. 291, 292 (1917). At the time of the first legal injury, the period of limitations begins to run, whether or not the full amount of damages is apparent. Id.; *see Stephens v. Creel*, 429 So.2d 278 (Ala.1983); 51 Am.Jur.2d. § 135 (1970); *Atkins v. American Motors Corp.*, 335 So.2d 134 (Ala.1976)."

*Smith v. Medtronic, Inc.*, 607 So.2d 156, 159 (Ala.1992).

In this case, the defendants submit that the plaintiff's cause of action accrued at the time of the publication of the advertisement for plaintiff's business that was, allegedly, published in a negligent or wanton manner. If the act complained of did not, however, constitute a legal injury at the time of the publication of the directory, the question that defendants' plea of the statute of limitation raises is whether the plaintiff first suffered legal injury prior to September 20, 2003. If so, plaintiff's tort claims are time-barred.

II.     **Plaintiff's Claim for Lost Profits and Other Damages for Breach of Contract**

In this case, the plaintiff seeks to recover damages for alleged lost revenue and profits, mental anguish, attorneys' fees and expenses, and other incidental or consequential damages. *See* Order on Pre-Trial Hearing (doc. 39), at page 3.

Under Alabama law, the damages recoverable for breach of contract must be the natural and proximate consequence of the breach, and must also have been in the contemplation of the parties when they made the contract. *See, e.g., McLendon Pools v. Bush*, 414 So.2d 92, Ala. Civ. App. 1982). Here, the defendants' position is that these various elements of economic damages were not within the contemplation of the parties when the contract was made. In support of this assertion, the defendants in part rely on the fact that the Directory Advertising Order Signature Sheet signed by Rick Lattime, president of Lattime Construction & Home Building, contained in bold type this language: "LIABILITY FOR ERRORS AND/OR OMISSIONS IS LIMITED."

The defendants further submit that the plaintiff cannot recover attorneys' fees in this civil action. Under Alabama law, attorneys' fees incurred in prosecuting a civil action are not recoverable in the absence of a contractual agreement for the payment of attorneys' fees, a statute authorizing the award of attorneys' fees, or by special equity. *See, e.g., Eagerton v. Williams*, 433 So.2d 436, 450 (Ala. 1983); *see also Shelby County Commission v. Smith*, 372 So.2d 1092 (Ala. 1979). Here, the defendants submit that the plaintiff cannot show that any of these three identified bases for an award of an attorneys' fee exists.

III.    **Plaintiff's Claim for Mental Anguish Damages**

In this case, the plaintiff seeks to recover damages, in part, for mental anguish. *See* Order on Pre-Trial Hearing (doc. 39), at page 3. Lattime Construction & Home Building, Inc. is not a

natural person, however, it is a corporation. As a non-natural legal entity, the plaintiff cannot suffer mental anguish.

## IV. Plaintiff's Claims Against Defendant CenturyTel Service Group, LLC.

Defendant CenturyTel Service Group, LLC ("CenturyTel") submits that it did not publish the 2003-2004 Dothan, Alabama CenturyTel telephone directory and did not contract with the plaintiff for the publication of any advertising of the plaintiff's business in this directory. CenturyTel expects that the evidence at trial will not show that it undertook any duty to the plaintiff, sounding either in contract or in tort, to publish its requested advertising, and that it is not vicariously liable under any recognized legal principle for any breach of contract or other wrongful act or omission by L. M. Berry and Company, the publisher of this directory.

The plaintiff claims that it entered into a contract by which L. M. Berry undertook, "on behalf of defendant CenturyTel Service Group, LLC," to publish advertisements and listings for the plaintiff in the subject telephone directory. *See* Order on Pre-Trial Hearing (doc. 39), at page 2. The defendants have admitted that the plaintiff entered into a contract with L. M. Berry. See Order on Pre-Trial Hearing (doc. 39), at page 3. The plaintiff has not expressly asserted that L. M. Berry and Company acted as the disclosed agent of CenturyTel Service Group in contracting with the plaintiff or in publishing the subject directory, nor has it asserted that CenturyTel intentionally interfered with the contract between the plaintiff and L. M. Berry.

CenturyTel submits that there is no recognized principle of Alabama law that would subject it to liability for the alleged breach of the advertising contract simply because, as plaintiff alleges, L. M. Berry undertook to publish the 2003-2004 Dothan, Alabama CenturyTel directory "on behalf of" CenturyTel. Absent a showing that CenturyTel owed non-delegable duties to the plaintiff, or that CenturyTel employed a contractor to carry on an inherently or intrinsically

4

dangerous activity, there is no basis for imposing liability on CenturyTel for the alleged breach of contract or other wrongful conduct on the part of L. M. Berry and Company. *See, e.g., Boroughs v. Joiner*, 337 So.2d 340, 342 (Ala. 1976).

s/ Craig A. Alexander
Craig A. Alexander (ASB-3390-N68C)
Counsel for Defendants L. M. Berry and Company
and CenturyTel Service Group, LLC

OF COUNSEL:

RUMBERGER, KIRK & CALDWELL, P.A.
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone:   (205) 327-5550
Facsimile:   (205) 326-6786

### CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on all counsel of record by placing same in the United States Mail, properly addressed and first class postage prepaid:

John E. Byrd, Sr.
P.O. Box 536
Dothan, AL 36302

On this ____ day of February, 2007.

s/ Craig A. Alexander
OF COUNSEL

5