IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LATTIME CONSTRUCTION AND HOME BUILDING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | Case No. 1:05-CV-1062-F ) ) |
| L. M. BERRY and COMPANY, et al., | ) ) ) |
| Defendants. | ) |

## DEFENDANTS' SUBMISSION
## IN RESPONSE TO PLAINTIFF'S MOTION IN LIMINE

Defendants L. M. Berry and Company and CenturyTel Service Group, L.L.C. submit this response to plaintiff's motion in limine, filed on February 8, 2007 (doc. 48), and in compliance with this Court's February 20, 2007 Order (doc. 59) requiring that the defendants show cause on or before February 22, 2007 why this motion should not be granted. As set forth below, the issue raised by plaintiff's motion and defendants' response is whether this Court should determine in advance of trial that two documents listed by the defendants as potential trial exhibits will be inadmissible into evidence.

The first document on the defendants' exhibit list that the plaintiff challenges is a June, 2003 memorandum devoted to the subject of the "10-Week Directory Delivery Schedule" for the September, 2003 Dothan, Alabama directory. This memorandum indicates that it was authored by a Monica Willis at the Berry Company and distributed to several individuals. One of the individuals identified in the "To:" section of the memorandum is "Sandi Branham – Berry." *See* Motion In Limine, Exhibit A, first page.

The plaintiff asserts that this document cannot be admitted into evidence without violating Rules 602, 901 and 902 of the Federal Rules of Evidence, and bases this assertion on the fact that Monica Willis has not been listed by the defendants as a potential witness at trial and that "none of the witnesses on Defendant's witness list has personal knowledge of facts set forth in said document." *Motion In Limine*, at paragraph 1, pages 1-2.

The defendants do not contend that this document should be admitted into evidence under Rule 902 as a self-authenticating document. The defendants do contend that Rule 901 permits the admission of this document into evidence. In support of this contention, the defendants point out that their witness list, attached to this response as Exhibit A, included the name of Sandra Branham, one of the persons to whom the 10-Week Directory Delivery Schedule was addressed. Ms. Branham is expected to be able to identify this document as required by Rule 901(a). The defendants anticipate that Ms. Branham will testify that this document constitutes a record both generated and kept in the course of L. M. Berry's regularly conducted business activity as a publisher of telephone directories, as can be shown under Rule 803(6) to qualify the document for admission into evidence notwithstanding the hearsay rule.

The defendants further wish to bring to the Court's attention the fact that this document was also specifically listed by the plaintiff in its exhibit list contained in plaintiff's counsel's January 15, 2007 letter. *See* Exhibit B.

The second document on the defendants' exhibit list that the plaintiff challenges is the page of L. M. Berry's standard directory advertising order setting forth the terms of conditions of the proposed advertising contract. *Motion in Limine*, at 2. In its motion, the plaintiff asserts that these terms and conditions were not sent to the plaintiff and "was never part of the contract for the purchase of advertising in this case," and argues that the admission of the terms and

conditions would violate Rule 402 of the Federal Rules of Evidence. Rule 402 provides generally that relevant evidence is admissible and irrelevant evidence is inadmissible.

The directory advertising order signature sheet signed by Rick Lattime, the plaintiff's president states, on the first page, that "[a]pplicant acknowledges having read, understood and agreed to the Terms and Conditions on the reverse" and that "LIABILITY FOR ERRORS AND OMISSIONS IS LIMITED." *See* Exhibit C.[1] If the evidence adduced at trial regarding the negotiations and other communications between the plaintiff and L. M. Berry and Company supports the conclusion that the plaintiff did agree to the terms and conditions, the specific provisions contained in the terms and conditions would be, of course, relevant to the question of the contractual agreement reached between the parties, and would be admissible into evidence for this reason.

Furthermore, in claiming damages for the defendants' alleged breach of the advertising contract, the issues that will be before the court are whether the plaintiffs' claimed damages were the natural and proximate consequence of the breach and whether these damages are "such as may reasonably be supposed to have been within the contemplation of the parties at the time the contract was made." *See* Requested Jury Instructions by Defendant CenturyTel Service Group, LLC and by Defendant and Counterclaimant L. M. Berry and Company (doc. 53), at paragraph 10, page 6. The terms and conditions provide, in part, that L. M. Berry and Company regards the potential harm from an advertising error as speculative in nature and that it "cannot offer advertising at rates that reflect its value to each advertiser," and provides that liability for any error shall not exceed the charges for the advertising in which the error occurred. *See* Motion In

---

[1] Exhibit C to this response is the Directory Advertising Order Signature Sheet prior to its execution by Mr. Lattime. This quoted material has become unreadable on the document as signed by Mr. Lattime and transmitted to L. M. Berry and Company by facsimile.

3

Limine, Exhibit B, at paragraph 9. The defendants submit that the terms and conditions contained on the reverse page of the Directory Advertising Order Signature Sheet faxed to the plaintiff by L. M. Berry and Company are relevant, and should be admissible into evidence, on the issue of whether the damages from the alleged breach of the contract were such that they may have been reasonably supposed to have been in the parties' contemplation when the contract was made.

In submitting this response to the plaintiff's motion in limine, the defendants wish to advise the court that they do not intend to argue to the jury that the plaintiff is contractually bound by these terms and conditions unless and until this Court rules that such an argument is permissible. To the extent that plaintiff's motion seeks an order in limine prohibiting the defendants from arguing to the jury that the terms and conditions, generally or specifically, bind the plaintiff without first obtaining such a ruling from this Court, the defendants do not oppose plaintiff's motion.

*WHEREFORE*, defendants L. M. Berry and Company and CenturyTel Service Group, LLC respectfully submit that plaintiff's motion in limine is due to be denied in whole or in part.

s/ Craig A. Alexander
Craig A. Alexander (ASB-3390-N68C)
Attorney for Defendants L. M. Berry and Company
and CenturyTel Service Group, L.L.C.

RUMBERGER, KIRK & CALDWELL, P.A.
2204 Lakeshore Drive, Suite 125
Birmingham, AL 35209-6739
Telephone:   (205) 327-5550
Facsimile:   (205) 326-6786
calexander@rumberger.com

## CERTIFICATE OF SERVICE

      I hereby certify that I have served a copy of the foregoing on counsel of record for the plaintiff by placing same in the United States Mail, properly addressed and first class postage prepaid:

            John E. Byrd
            P.O. Box 536
            Dothan, AL 36302

On this the 21st day of February, 2007.

                                  s/ Craig A. Alexander
                                  OF COUNSEL